IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE BASULTO,<br><br>  Plaintiff,<br><br>  v.<br><br>GMAC MORTGAGE,<br><br>  Defendant | No. C-09-1438 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

Before the Court is defendant GMAC Mortgage LLC's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, filed April 22, 2009, as amended May 20, 2009. Plaintiff Josephine Basulto has not filed a response to the motion.[1]  Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for June 26, 2009, and rules as follows.

In her complaint, plaintiff, who proceeds in propria persona, alleges two causes of action, specifically, a claim titled "quiet title/abuse of process" and a claim titled "slander of title/fraudulent conversion." In particular, plaintiff seeks a declaration that she need not

---

[1] Defendant noticed the motion for hearing June 26, 2009. Under the Local Rules of this District, any opposition was due no later than June 5, 2009. See Civil L.R. 7-3(a) ("Any opposition to a motion must be served and filed not less than 21 days before the hearing date.")

make any payments due under a mortgage (see, e.g., Compl. ¶ 95 (alleging plaintiff is entitled to "abatement of demands for mortgage payments")), and that any foreclosure proceeding that may be instituted in the future would be "unlawful" (see Compl. ¶ 97). By the instant motion, defendant argues that plaintiff's complaint is frivolous and that she fails to state any cognizable claim. The Court, as discussed below, agrees.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, plaintiff's complaint is riddled with references to treaties, statutes, case citations and quotes therefrom, as well as lengthy legal argument and conclusory statements. (See, e.g., Compl. ¶ 63 ("Article One, Section Ten of the US Constitution must be held as valid in this matter as the supreme law of the land, since the court is required to be faithful to the law and cannot engage in judicial nullification.")). Conspicuously missing from the complaint, however, is any factual content to support a finding that defendant engaged in misconduct or is liable for misconduct by a non-party.[2] Instead, the complaint relies on frivolous allegations that fail to state a claim against defendant.

In particular, plaintiff's allegations that she did not receive anything of "substance or intrinsic value" from the "original lender" (see Compl. ¶ 10) and that "Federal Reserve Notes" have "no value" (see Compl. ¶ 15) are frivolous. See United States v. Schmidt, 542 F.2d 782, 785 (9th Cir. 1976) ("Federal Reserve Notes constitute legal tender, and [any] argument [to the contrary] has been summarily found by this court to be without merit."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 544-45 (E.D. N.Y. 1999) (dismissing, for failure to state a claim, complaint alleging bank failed to give plaintiff "lawful money" when it gave

---

[2] The Court takes judicial notice of the fact that defendant is not the beneficiary or trustee of the deed of trust executed by plaintiff. (See Def.'s Req. for Judicial Notice Exs. A-C.)

plaintiff check); Thiel v. First Fed. Savings & Loan Ass'n, 646 F. Supp. 592, 594-96 (N.D. Ind. 1986) (finding "totally without legal foundation" plaintiff's claim that lender defrauded plaintiff by issuing check in exchange for promissory note; stating, "plaintiffs' theory is absurd").

Similarly frivolous are plaintiff's allegations that she need not pay her mortgage because the "British Royal Family" is the beneficiary of "documents [that] created a fraudulent reversal of the State of Independence" (see Compl. ¶ 13), because "bankers and American government officials" committed "treason" in 1933 by "obtain[ing] control over [the] currency system" (see Compl. ¶ 14), and/or because plaintiff may assert a "land patent" defense to preclude any claim by the holder of the mortgage. See, e.g., Nixon v. Phillipoff, 615 F. Supp. 890, 894 (N.D. Ind. 1985) (holding "land patent claim," when raised to avoid foreclosure, is "spurious" and a "frivolous legal nullity that [does] not and [can] not affect the title to the mortgaged land at issue in [an] underlying foreclosure action").

Finally, plaintiff's allegation that she will be deprived of "due process" in violation of 42 U.S.C. § 1983 if defendant were to foreclose on the property (see Compl. ¶¶ 4, 8)[3] is wholly without merit, because a complaint alleging a private entity's "use of state law to foreclose is not sufficient to allege" the requisite state action for a due process claim.[4] See Harper v. Federal Land Bank, 878 F.2d 1172, 1178 (9th Cir.1989) (holding "fact that a state permits the use of foreclosure procedures . . . is not sufficient to constitute state action").

Accordingly, defendant's motion is hereby GRANTED.

//

//

---

[3] Although plaintiff does not allege an express claim under § 1983, plaintiff alleges the Court has jurisdiction over the instant action in light of § 1983 (see Compl. ¶ 8), and further alleges, in support of her claim to quiet title, that defendant has "violated [plaintiff's] right to due process of law, as guaranteed under the Fifth and Fourteenth Amendments" (see Compl. ¶ 44).

[4] Plaintiff fails to allege that defendant has, in fact, foreclosed on her property or taken any step to do so.

3

1  Moreover, there being no indication plaintiff could amend to cure the above-stated
2 deficiencies, the complaint is hereby DISMISSED without leave to amend.
3  **IT IS SO ORDERED.**

5 Dated:  June 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge